UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAROLD E. BOSSELMANN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MAKITA U.S.A., INC. )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 05-11176 PBS |

## MAKITA U.S.A., INC.'S ANSWER & JURY DEMAND

The defendant, Makita U.S.A., Inc. Answers the plaintiff's Complaint as follows:

### COUNT I

1.  Makita U.S.A., Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the plaintiff's Complaint.

2.  Makita U.S.A., Inc. admits that it is a California corporation and admits that Gary S. Whitaker of Westwood, Massachusetts is its resident agent in Massachusetts.

3.  Makita U.S.A., Inc. denies that it manufacturers power tools. Makita U.S.A., Inc. admits that it markets power tools in Massachusetts and throughout the United States.

4.  Makita U.S.A., Inc. denies that it manufacturers power tools. Makita U.S.A., Inc. admits that it marketed a Makita Model Number 2708 table saw but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 4 of the plaintiff's Complaint.

5.  Makita U.S.A., Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 of the plaintiff's Complaint.

6.  Makita U.S.A., Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of the plaintiff's Complaint. To the extent that paragraph 6 alleges wrongdoing, liability or damages attributable to Makita U.S.A., Inc., it is denied.

7-8.  Makita U.S.A., Inc. denies the averments in paragraphs 7 and 8 of plaintiff's Complaint.

WHEREFORE, Makita U.S.A, Inc. demands judgment to be entered in its favor dismissing Count I of the plaintiff's Complaint along with interest, costs and disbursements incurred herein.

## COUNT II

1. [sic]  Makita U.S.A., Inc. repeats its responses to paragraphs 1 through 8 of the plaintiff's Complaint as if set forth at length herein.

2-3. [sic]  Makita U.S.A, Inc. denies the averments in paragraphs 2 and 3 of Count II of plaintiff's Complaint.

WHEREFORE, Makita U.S.A, Inc. demands judgment to be entered in its favor dismissing Count II of the plaintiff's Complaint along with interest, costs and disbursements incurred herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because he voluntarily and unreasonably proceeded to encounter a known danger.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred due to his own comparative negligence and/or comparative fault.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred due to misuse of the product.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that the plaintiff alleges breach of warranty, the plaintiff failed to provide timely notice of breach of warranty to Makita U.S.A., Inc. which failure caused substantial prejudice to Makita U.S.A., Inc.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred due to the fact that the alleged danger was open and obvious.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred from any recovery because his alleged injuries and damages were caused by acts or omissions of others over whom Makita U.S.A., Inc. exercised no control and for whose conduct Makita U.S.A., Inc. bears no responsibility.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because the table saw was significantly modified, altered or changed in an unreasonable and unforeseeable fashion.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because the alleged injuries and damages were caused by supervening and intervening actions of third persons or other parties.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred due to a failure to mitigate damages.

### JURY DEMAND

Makita U.S.A., Inc. demands a jury trial on all issues.

> MAKITA U.S.A., INC.
> By its Attorneys,
> CAMPBELL CAMPBELL EDWARDS & CONROY
> PROFESSIONAL CORPORATION
>
> _____
> Holly M. Polglase (BBO# 553271)
> Christopher R. Conroy (BBO# 661155)
> One Constitutional Plaza
> Boston, MA 02129
> (617) 241-3000

### CERTIFICATE OF SERVICE

I, Christopher R. Conroy, of Campbell Campbell Edwards & Conroy Professional Corporation, attorney for Makita, hereby certify that on June _10_, 2005, a true copy of the above document was served upon the following by First Class Mail:

Michael C. Najjar, Esquire
Marcotte Law Firm
45 Merrimack Street
Lowell, MA 01852

_____
Christopher R. Conroy

4